**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DR. SAMUEL L. MCNAIR**                                                    **PLAINTIFF**

**V.**                                                    **NO. 4:13-CV-00127-DMB-JMV**

**STATE OF MISSISSIPPI; BOARD OF
TRUSTEES OF STATE OF MISSISSIPPI
INSTITUTIONS OF HIGHER LEARNING;
and MISSISSIPPI VALLEY STATE
UNIVERSITY**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

This is a wrongful termination action brought by Plaintiff Samuel McNair against his former employer, Defendant Mississippi Valley State University ("MVSU"); the State of Mississippi; and the Board of Trustees of the State of Mississippi Institutions of Higher Learning ("Board of Trustees"). Plaintiff alleges that he was terminated from his tenured-professor position in violation of numerous state and federal laws, and seeks compensatory and punitive damages, as well as injunctive relief. Doc. #1. Before the Court is Defendants' motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. Doc. #14.

**I
Applicable Standard**

In their motion, Defendants seek dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure, or summary judgment pursuant to Rule 56. In support of their motion, Defendants attached two affidavits. Doc. #14-1, #14-2. The argument section of Defendants' memorandum brief cites to the two affidavits and fails to distinguish between arguments relating to summary judgment and arguments relating to dismissal. *See* Doc. #15.

Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion <u>must</u> be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). The Fifth Circuit has explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (internal quotation marks omitted) (citing *Clark v. Tarrant Cnty, Texas*, 798 F.2d 736, 746 (5th Cir. 1986)). "A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings and that evidence is not excluded by the court." *Bowers v. Nicholson*, No. H-07-1910, 2007 WL 3047223, at *4 (S.D. Tex. Oct. 18, 2007).

Here, more than ten days have passed since Defendants submitted matters outside the pleadings without such evidence being excluded by the Court. Under these circumstances, Defendants' motion should be treated as one for summary judgment. *Washington*, 901 F.2d at 1284.

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 22–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury

to return a verdict in her favor." *Id*. at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id*. at 412.

Where "the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id*. In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191–92 (5th Cir. 2011) (internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Relevant Facts

In or about September 1977, Plaintiff was hired as an associate professor of industrial technology at MVSU, a public university in the State of Mississippi. Doc. #1 at ¶¶ 6, 9. Plaintiff received tenure in 1982 and was elected Faculty Senate President for the 2011–2012 academic year. *Id.* at ¶¶ 9–10. As part of his presidential responsibilities, Plaintiff attended August 2011, September 2011, October 2011, and November 2011, meetings held by the Institutions of Higher Learning of Mississippi ("IHL"). *Id.* at ¶¶ 10–11. During the time period relevant to this suit,

Plaintiff was directly supervised by Richard Maxwell, the Interim Chair of Applied Technology and Technology. Doc. #14-2 at ¶ 2.

In November 2011, the Faculty Senate convened a vote of "No Confidence" in then-MVSU President Donna H. Oliver. Doc. #1 at ¶ 11. On November 2, 2011, Plaintiff informed Oliver by letter of the no confidence vote. *Id.*

On February 16, 2012, Plaintiff attended an IHL meeting and failed to appear for two of his classes. Doc. #14-2 at ¶ 6.[1] Four days later, on February 20, 2012, Maxwell informed Plaintiff "that future leave requests to attend IHL meetings would not be approved at my level unless accompanied by written approval from the administration." *Id.* at ¶ 3.

In March 2012, Plaintiff requested permission from Maxwell to travel to Texas "to develop internship slots for students." Doc. #14-2 at ¶ 5. Maxwell denied Plaintiff's request because MVSU lacked funds to finance the trip. *Id.*

On March 7, 2012, Maxwell was "asked by several students where [Plaintiff] was." *Id.* at ¶ 4. Upon investigation, Maxwell "was told by several students that [Plaintiff] was not in class and had given instructions the last class meeting that the students should use this time to work on their term-paper." *Id.* As punishment for his absence, Plaintiff was docked pay for three days. Doc. #14-1 at ¶ 6(b).

On April 19, 2012, Plaintiff attended an IHL meeting without obtaining administration approval. Doc. #14-2 at ¶ 6. As a result of Plaintiff's attendance at the meeting, he failed to appear to teach two of his classes. *Id.*

---

[1] The paragraphs in the affidavit submitted by Maxwell are mis-numbered. When citing to the document, the Court will cite to the actual paragraph number, rather than the paragraph number appearing on the affidavit. For example, the third paragraph, which is numbered "4," will be cited as "¶ 3." In turn, the fifth paragraph, which also is numbered "4," will be cited as "¶ 5."

4

On April 24, 2012, Maxwell recommended to Mary Minter, Dean of the College of Education, that Plaintiff's employment be terminated. Doc. #14-2 at ¶ 8; Doc. #14-1 at ¶ 4. On May 7, 2012, Minter adopted Maxwell's recommendation. Doc. #14-1 at ¶ 4. The same day, Minter informed Plaintiff of the termination decision and notified him of his right to request a hearing. *Id.* at Ex. A.

On July 27, 2012, a hearing committee[2] convened to consider the recommendation to terminate Plaintiff. Doc. #14-1 at ¶ 5. At the conclusion of the hearing, the hearing committee recommended termination on the grounds that "[a]ll documented facts indicated that after being warned on several occasions, Dr. McNair continued to disobey his supervisor and the administration." *Id.* at ¶ 6(a) & (c). The hearing committee deemed such conduct to be "contumacious." *Id.* at ¶ 6(a). Oliver accepted the committee's recommendation and, on August 13, 2012, MVSU terminated Plaintiff's employment. Doc. #14-1 (unnumbered paragraph).

In his complaint, Plaintiff asserts the following state law claims for: (1) two counts of breach of contract; (2) breach of the duty of good faith and fair dealing; (3) wrongful termination as against public policy; (4) "retaliation;" and (5) "whistle blowing." Doc. #1 at ¶¶ 19–51. Additionally, Plaintiff brings federal law claims for: (1) "concerted activity and conspiracy;" (2) "conspiracy;" (3) "First Amendment § 1983 due process violations;" (3) violations of substantive and procedural due process; and (4) wrongful termination under the Fair Labor Standards Act. *Id.* at ¶¶ 52–110. Plaintiff also seeks an injunction under Mississippi law. *Id.* at ¶¶ 111–16.

---

[2] The hearing committee consisted of: (1) Samuel Osunde, Chair and Associate Professor of Mass Communications; (2) Catherine Singleton Walker, Assistant Professor of Social Work; and (3) Louis Hall, Chair of Natural Science and Environmental Health and Assistant Professor of Biology. Doc. #14-1 at ¶ 6.

On December 19, 2013, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. Doc. #14. After receiving a total of nearly six months of extensions, Plaintiff failed to file a response to Defendants' motion.[3]

### III
### Analysis

Analytically, Plaintiff's claims may be separated into five categories: (1) conspiracy claims brought under 42 U.S.C. §§ 1983, 1985, and 1986; (2) a claim for violation of the First Amendment; (3) claims for due process violations brought under the Fourteenth Amendment; (4) a claim for retaliation brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq.; and (5) state law claims.

#### A. Conspiracy

Plaintiff alleges that "[t]he defendants conspired to have [Plaintiff] terminated from MVSU and MVSU knew of the conspiracy and had a duty to prevent it under 42 U.S.C. §§ 1983, 1985, and 1986." Doc. #1 at ¶ 52. Defendants argue that, as state entities, they are not amenable to suit under any of the cited provisions. Doc. #15 at 13. Defendants further argue that Plaintiff cannot show that any of the statutes were violated. *Id*. at 13–14.

Section 1985 prohibits conspiracies between "persons" to: (1) prevent public officers from performing their duties; (2) obstruct justice in any court of the United States; or (3) deprive persons of equal protection, privileges, or immunities guaranteed under the laws. 42 U.S.C. § 1985. Section 1986 provides a cause of action against "persons" who had knowledge of the

---

[3] "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U. Civ. R. 7(b)(3)(E). However, "a district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club Inc.,* 599 F.3d 458, 468 (5th Cir. 2010). Of course, a failure to oppose a motion for summary judgment does not relieve a plaintiff of his burden to point to genuine issues of material fact. *Sangi v. Fairbanks Capital Corp.,* 219 Fed. App'x 359, 361–62 (5th Cir. 2007) (affirming grant of summary judgment where district court "acknowledged that the motion was unopposed [and] granted summary judgment on the basis that the [plaintiffs] had not established a fact issue on an essential element of their case").

wrongs mentioned in section 1985, and neglected to stop the acts, despite having the power to do so. 42 U.S.C. § 1986. Section 1983, in turn, does not create substantive rights, but provides a remedy against a "person" who deprives another of any rights, privileges or immunities secured by the Constitution and laws. *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573–74 (5th Cir. 1989).

In order for liability to attach under sections 1983, 1985, or 1986, the defendant must be a "person," under the relevant provisions' meanings. *See Thrasher v. Board of Supervisors of Alcorn Cnty.*, 765 F.Supp. 896, 900 (N.D. Miss. 1991) ("To be liable under Section 1983, a defendant must be a person … ."); *Washington v. Louisiana*, No. 10-261, 2010 WL 3894267, at *2 (M.D. La. Sep. 30, 2010) (dismissing section 1985 claim because defendants were not "persons"); *Gauthier v. Kirkpatrick*, No. 2:13-cv-187, 2013 WL 6407716, at *15 (D. Vt. Dec. 9, 2013) (dismissing section 1986 claim because defendant was not "person"). When defining "person," "sections 1983 and 1985 are interpreted consistently with each other." *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1307 (D.C. Cir. 2002). Likewise, the definition for "person" under section 1986 must be the same as under section 1985. *Veres v. Monroe Cnty.*, 364 F.Supp. 1327, 1330 (E.D. Mich. 1973) ("Since § 1986 shares with § 1985 a common legislative source, since both sections use the word 'persons' to identify proper defendants, and since both were enacted by the same Congress which believed it could not constitutionally impose civil liability on municipalities, the word 'persons' must carry the same meaning in each section."); *see also Fontan v. City of Lancaster*, No. 96-cv-5653, 1998 WL 967585, at *3 n.6 (E.D. Pa. Nov. 6, 1998) ("The term 'person,' as used in § 1983, has the same meaning as 'person' as used in §§ 1985 and 1986.").

7

States, the Board of Trustees, and state universities are not "persons" within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) ("[A] State is not a "person" within the meaning of § 1983."); *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) ("This court has … recognized that state universities as arms of the state are not 'persons' under § 1983."); *Simpson v. Alcorn State Univ.*, __ F.Supp.2d __, No. 3:13-cv-424, 2014 WL 2685133, at *6 (S.D. Miss. June 13, 2014) (dismissing § 1983 claims brought against IHL and Alcorn State University). Upon consideration, the Court concludes that Mississippi (a state), the Board of Trustees (a state entity), and MVSU (a state university) are not "persons" under sections 1983, 1985, or 1986. Accordingly, Plaintiff's conspiracy claims must fail.

## B. First Amendment

In his claim for "First Amendment and § 1983 due process violations," Plaintiff alleges that his First Amendment and due process rights were violated by his termination. Doc. #1 at ¶¶ 74–88. In this regard, Plaintiff alleges that he was "terminated because of his speech against Dr. Oliver and the faculty senate vote of no confidence." *Id.* at ¶ 85 (internal quotation marks omitted). Defendants respond that Plaintiff was terminated for failing to teach his class and that they are not amenable to suit under § 1983. Doc. #15 at 17.

"[A] plaintiff cannot recover against a state official directly under the First Amendment and must instead proceed under § 1983." *Black Farmers and Agriculturists Ass'n, Inc. v. Hood*, No. 3:13-cv-763, 2014 WL 935147, at *7 (S.D. Miss. Mar. 10, 2014) (citing *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994)); *Koger v. Woody*, No. 9–cv–90, 2009 WL 1766639, at *7 (E.D. Va. June 22, 2009) ("A claim of 'retaliation' for the exercise of First

Amendment rights must be asserted under 42 U.S.C. § 1983.").  Because Defendants are not amenable to suit under § 1983, the First Amendment retaliation claim must fail.

### C.  Due Process

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV, § 1.  Plaintiff alleges that his substantive and procedural due process rights were violated by his termination proceedings and his ultimate termination.  Doc. #1 at ¶¶ 90–106.  Defendants reiterate that they are not "persons" amenable to suit under section 1983, and that even if they were, Plaintiff's due process rights were protected.  Doc. #15 at 11.

"Fourteenth Amendment [due process] claims must be asserted through statutory authority proved by congress; the appropriate means by which to seek relief on a constitutional due process claim is 42 U.S.C. § 1983." *Noatex Corp. v. King Const. of Houston LLC*, No. 3:11-cv-00137, 2014 WL 1946531, at *9 (N.D. Miss. May 14, 2014) (citing *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980)).  Because, as explained above, Defendants are not "persons" under § 1983, summary judgment on Plaintiff's due process claims is required.

### D.  Fair Labor Standards Act

Plaintiff alleges that, in violation of the Fair Labor Standards Act ("FLSA"), Defendants terminated him for: (1) complaining about his salary; (2) filing criminal charges against an administrator; and (3) participating in the vote of no confidence.   Doc. #1 at ¶¶ 107–10.  Defendants argue that the FLSA did not abrogate their sovereign immunity, and that even if it did, Plaintiff cannot establish a claim for retaliation.  Doc. #15 at 8.

"It is well-settled that sovereign immunity prevents an individual from bringing an action against a state in federal court for violation of certain provisions of the FLSA." *Huggins v. Univ.*

*of Louisiana Sys. Bd. of Supervisors*, No. 08-1397, 2009 WL 223272, at *4 (W.D. La. Jan. 6, 2009) (collecting cases). Of relevance to this case, sovereign immunity protects state entities against claims for retaliation brought under the FLSA. *Mun v. Univ. of Alaska*, 291 Fed. App'x 115, 117 (9th Cir. 2008) ("sovereign immunity bars Mun's Fair Labor Standards Act … retaliation claim"); *see also Keller v. Florida Dep't of Health*, 682 F.Supp.2d 1302, 1311 (M.D. Fla. 2010) ("Plaintiff's FLSA retaliation claim against Defendant is precluded because the FDOH is immune from suit under the Eleventh Amendment ….").

It is axiomatic that the State of Mississippi is protected by sovereign immunity. U.S. Const. amend. XI. Furthermore, the Board of Trustees and MVSU are both arms of the state entitled to sovereign immunity. *Seals v. Mississippi*, __ F.Supp.2d __, No. 3:13-cv-74, 2014 WL 670232, at *8 (N.D. Miss. Feb. 20, 2014) (Board of Trustees and University of Mississippi both protected by sovereign immunity); *Carpenter v. Mississippi Valley State Univ.*, 807 F.Supp.2d 570, 581 (N.D. Miss. 2011) ("MVSU is … an arm of the State of Mississippi for purposes of [the] Eleventh Amendment analysis."); *see also Wall-Jones v. Hinds Behavioral Health Servs.*, No. 3:12-cv-00525, 2013 WL 53904, at *3 n.3 (S.D. Miss. Jan. 3, 2013) ("Federal and state courts have long since determined that Mississippi's public universities enjoy Eleventh Amendment sovereign immunity because they are arms of the state of Mississippi."). Because all three Defendants are entitled to sovereign immunity, the FLSA retaliation claim must fail.

### E. State Law

Having dismissed all federal claims, this Court is divested of federal question jurisdiction. In such a situation, "the court must exercise its discretion whether to exercise supplemental jurisdiction" pursuant to 28 U.S.C. § 1367(c)(3). *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). When a district court dismisses all federal claims before trial, "the

10

general rule is to dismiss any pendent claims." *Id*. However, the Fifth Circuit "has consistently held that declining supplemental jurisdiction following a significant investment of judicial resources in the litigation constitutes an abuse of discretion." *Seals*, 2014 WL 670232, at *16 (citing *Brookshire Bros. Holding, Inc. v. Daco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).

In *Seals*, the district court declined to exercise supplemental jurisdiction where the case "required little interposition" and many of the federal claims were disposed of on legal, rather than factual, grounds. *Id*. Here, as in *Seals*, the district court has not devoted significant judicial resources to the resolution of the federal claims. Accordingly, the Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state law claims without prejudice.

## IV
## Conclusion

For the reasons above, Defendants' motion for summary judgment [14] is **GRANTED**. A judgment consistent with this opinion will issue.

SO ORDERED, this the 21st day of August, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**